IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASTON ROLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-614-RJD |
| ) | |
| ) | |
| DR. PERCY MYERS and WEXFORD ) | |
| HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Caston Rollins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rollins alleges Defendants were deliberately indifferent to his neck and back injury, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Rollins makes the following allegations:  In November 2021, Rollins fell while working in the warehouse and injured his neck and back (Doc. 1, p. 6). Although he initially did not believe he was injured, the next day he began losing feeling in his legs and having increasing pain, making it difficult to walk (*Id*.). He went to the health care unit and was seen by a nurse who prescribed him Ibuprofen and referred him to the doctor. But because Centralia did not have an assigned doctor at the time, Rollins did not see a doctor despite placing several sick call requests (*Id*. at pp. 6-7).

After three months, on March 1, 2022, he submitted an emergency grievance. In response, the warden ordered Rollins to be sent to a doctor outside the prison (*Id*. at p. 7). On March 16, 2022, Rollins saw Physician Assistant ("PA") Smith, who ordered x-rays and referred Rollins to a neurologist (*Id*.). Upon his return to Centralia, Rollins continued to submit sick call slips to see the doctor, but the doctor was not available. On May 13, 2022, the warden referred Rollins to an orthopedic surgeon. The surgeon told Rollins that he should have been seen earlier and that he might now need two surgeries due to the delay (*Id*.).

On July 12, 2022, Rollins finally saw Dr. Percy Myers in the healthcare unit (*Id*. at p. 8). Dr. Myers ordered a neurology follow-up which was not completed until two months after the appointment (*Id*.). He also scheduled a follow-up appointment in four months (*Id*.). Rollins alleges that Dr. Myers told him there was nothing wrong with him and that Dr. Myers failed to properly examine him (*Id*. at p. 9). In September 2022, Rollins received a CT scan of his entire body (*Id*. at p. 8). The doctor at the hospital told him that

he would need neck and back surgery based on the CT scan's findings (*Id.*). Although Rollins received approval for the surgery, he has not yet been scheduled for surgery.

Rollins alleges that Wexford Health Sources, Inc. caused a delay in his treatment because Wexford maintains a policy and/or practice of failing to provide adequate medical care and of operating the prison without an assigned doctor. Because Wexford does not have an assigned doctor for Centralia, Rollins did not see a doctor at the prison for eight months (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court designates the following two counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Myers for failing to provide Rollins with proper care for his injuries.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for maintaining policies and practices of providing inadequate medical treatment and operating the healthcare unit without an assigned doctor.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Rollins states a claim against Dr. Myers in Count 1 and Wexford Health Sources, Inc. in Count 2. He adequately alleges that Dr. Myers acted with deliberate indifference in treating his injuries and that both Dr. Myers and Wexford delayed treatment for his injuries resulting in the need for surgeries on both his back and neck. See *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (Delay in care can amount to deliberate indifference if the delay "exacerbated the injury or unnecessarily prolonged an inmate's pain.") (internal citations and quotations omitted).

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Percy Myers. Count 2 shall proceed against Wexford Health Sources, Inc.

The Clerk of Court shall prepare for Defendants Dr. Percy Myers and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Rollins. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Rollins's motion for service at the government expense (Doc. 2) is **DENIED as moot**.

If a defendant can no longer be found at the work address provided by Rollins, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Rollins, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Rollins is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/19/2023**

*/s/ Reona J. Daly*
REONA J. DALY
**U.S. Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**