# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASTON ROLLINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 23-cv-614-RJD ) |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) ) ) ) |
| Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 39), Motion to Compel (Doc. 46), and Motion to Stay or Ultimately Grant an Extension of Time to file Response/Reply to Defendants' Motion for Summary Judgment (Doc. 48).

## Background

Based on the Court's Scheduling Order, each party in this case was allowed to serve 15 interrogatories, 15 requests for production of documents, and 10 requests for admission. (Doc. 25, p. 1). The parties were advised that any motion to compel discovery under Rule 37 should be accompanied by the actual discovery documents at issue. (*Id.* at 2; SDIL-LR 26.1(c)(4)). The Court further set forth the discovery and dispositive motions cut-offs. Thereafter, upon a joint motion by the parties, the Court extended the discovery and dispositive motions cut-offs to December 13, 2024, and January 13, 2024, respectively. (Doc. 38). In the joint motion, defense

---

[1] This matter was assigned to the undersigned through the parties' consent to conduct all proceedings, including trial and final entry of judgment, pursuant to 28 U.S.C. § 636(c) and Rule 73. (Doc. 20).

counsel represented that an extension of time was necessary because the associate handling this matter resigned. (Doc. 36, p. 1). The motion further stated: "Defendants are also working to search for and produce additional policies and procedures which may be responsive to Plaintiff's production requests and require more time to adequately complete their search and production." (*Id.* at 2).

On December 3, 2024, while discovery was still pending, Plaintiff filed a Motion for an Extension of Time to Complete Discovery. (Doc. 39). In his motion, he represents that he propounded written discovery to Defendants on July 16, 2024, but never received any responses. (*Id.* at 1). He further states that he followed up with defense counsel in two letters to no avail. (*Id.*). He does not attach to his motion either the discovery requests at issue or the follow-up letters. Plaintiff asks that the court extend the discovery cut-off through April 13, 2025, and the deadline for the dispositive motions through May 13, 2025. Defendants failed to file a response to Plaintiff's motion. Instead, on January 13, 2025, they filed their Motion for Summary Judgment (Doc. 43).

Soon thereafter, Plaintiff's Motion to Compel (Doc. 46) followed. Therein, Plaintiff again argues that he served both interrogatories and requests for production to Defendants but received no response despite his two follow-up letters to defense counsel. (Doc. 46, p. 1). He attaches to his motion his requests for the production of documents as well as one of the follow-up letters. (*Id.*, pp. 5-7). Defendants filed a response in opposition, arguing that the motion is untimely and that Plaintiff never complained of not receiving Defendants' responses to his written discovery requests prior to the expiration of the discovery cut-off. (Doc. 47, pp. 1-2). They point to an excerpt of Plaintiff's deposition wherein he states: "all I brought was my grievances and every grievance form and every paper your office sent me or I got back from court just about . . ." (*Id.*).

Thereafter, Plaintiff filed his Motion to Stay or Ultimately Grant an Extension of Time to File Response/Reply to Defendants' Motion for Summary Judgment (Doc. 48), wherein he asks that the Court stay its ruling on Defendant's Motion for Summary Judgment or grant him an extension of 45 days to respond thereto, in light of the ongoing discovery dispute. Defendants have not yet responded to that motion.

## Discussion

The Court will first address Plaintiff's Motion to Compel production of documents. Plaintiff asks that Defendants produce three categories of Wexford's policies, practices, and procedures that were in place during the times relevant to his complaint and relate to his claims. Defendants argue the motion is untimely and point to Plaintiff's deposition to show that Plaintiff was in possession of certain documents that Defendants had previously produced. Defendants, however, do not state whether they responded to Plaintiff's request for production that was served in July 2024. In the parties' joint motion for extension of the discovery deadline, defense counsel acknowledged that Defendants had received Plaintiff's requests for production and were working on collecting the requested policies, practices, and procedures. Further, Defendant's allegations that Plaintiff never complained in the past about not receiving the documents is clearly inaccurate, considering Plaintiff's pending motion to extend the discovery cut-off that was filed prior to the expiration of the discovery deadline.

Accordingly, Plaintiff's Motion to Compel (Doc. 46) is **GRANTED in part**. On or before **February 10, 2025**, Defendants shall serve Plaintiff with their responses to his request for production of documents and also provide the Court with a status report regarding the same. Plaintiff also indicates in his motion that he has not received Defendants' responses to his interrogatories. However, Plaintiff has failed to attach copies of his interrogatories to the motion

as he was required pursuant to the Scheduling Order and Local Rule 26.1(c)(4)). Therefore, the Court will not order Defendants to produce their responses to Plaintiff interrogatories. However, the Court deems it appropriate to extend the discovery cut-off through March 31, 2025, and the dispositive motions deadline up through April 30, 2025, to allow the parties to complete discovery. Plaintiff may proceed with serving his written discovery requests to Defendants within the set deadline, provided that those requests shall be served so as to allow Defendants the full thirty-day period provided by the Federal Rules of Civil Procedure in which to respond. In light of the extension of the discovery and dispositive motions' cut-offs, the Court also deems it appropriate to grant Plaintiff's Motion to Stay or Ultimately Grant an Extension of Time to file Response/Reply to Defendants' Motion for Summary Judgment (Doc. 48). Plaintiff's response to Defendants' Motion for Summary Judgment is due 30 days after the dispositive motions cut-off.

## Conclusion

For the reasons set forth above, Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 39), Motion to Compel (Doc. 46), and Motion to Stay or Ultimately Grant an Extension of Time to file Response/Reply to Defendants' Motion for Summary Judgment (Doc. 48) are **GRANTED in part**. On or before **February 10, 2025**, Defendants shall serve Plaintiff with their responses to Plaintiff's Request for Production of Documents, and also provide the Court with a status report regarding the same. The discovery cut-off is extended through **March 31, 2025**, and the dispositive motions deadline is extended through **April 30, 2025**. Plaintiff's response to Defendants' Motion for Summary Judgment (Doc. 48) is due by **May 30, 2025**.

**IT IS SO ORDERED.**

**DATED:   February 3, 2025**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**