IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CASTON ROLLINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-cv-614-RJD |
| ) | |
| ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** | |

# ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on the parties' various motions. For the reasons set forth below, Plaintiff's Renewed Motion for Recruitment of Counsel (Doc. 55) is GRANTED. **&** Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs (Doc. 56) is DENIED as moot, Plaintiff's Motion to Reset Discovery Deadline (Doc. 57) and Defendants' Motion for Summary Judgment (Doc. 43) are DENIED without prejudice.

**Plaintiff's Renewed Motion for Recruitment of Counsel (Doc. 55) & Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs (Doc. 56).**

Plaintiff filed his third motion for recruitment of counsel with the prior two orders having been denied because Plaintiff had failed to attach a copy of his Prison Trust Fund Account Statement to establish indigency, which is a precondition to the recruitment of counsel under 28 U.S.C. § 1915(e)(1). (Docs. 32 & 54). Along with his motion for recruitment of counsel, Plaintiff

---

[1] This matter has been assigned to the undersigned to conduct any and all proceedings, including trial and final entry of judgment, through the parties' full consent pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 20).

filed his Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs (Doc. 56), on which he attaches a copy of his Prison Trust Fund Account Statement, showing a balance of $5.38 as of March 4, 2025. The Court finds that Plaintiff has established indigency. Because Plaintiff has already fully paid his filing fee, the Court assumes that Plaintiff filed his Motion and Affidavit to Proceed in District Court without Prepaying fees or Costs (Doc. 56) only to establish indigency in support of his motion for recruitment of counsel. Accordingly, the Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs (Doc. 56) is **DENIED** as moot.

Turning to the merits of Plaintiff's motion for recruitment of counsel, while there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has sufficiently established that he made reasonable attempts to obtain counsel on his own. (Doc. 29, pp. 3-5 ). The Court also finds that, at this stage, the difficulty of this case exceeds Plaintiff's ability to litigate it pro se. Specifically, Plaintiff raised Eighth Amendment deliberate indifference claims against Dr. Myers for his failure to provide Plaintiff with proper care following his alleged serious back and neck injuries and against Wexford for maintaining

policies and practices of providing inadequate medical treatment and operating the healthcare unit without an assigned doctor.  As Defendants note in their pending Motion for Summary Judgment, Plaintiff's claims for deliberate indifference to serious medical needs present special complexities because Plaintiff has received at least some medical treatment.  (Doc. 43, p. 2.)  To prevail, Plaintiff will need to establish  "a substantial departure from accepted professional judgment, practice, or standard," and expert medical evidence is often required to prove this aspect of his claim.  *Eagan v. Dempsey*, 987 F.3d 667, 683 (7th Cir. 2021) (citations omitted).  In his motion for recruitment of counsel, Plaintiff states that he intends to retain an expert, but he is unable to do so without the assistance of counsel.  Further, the Seventh Circuit has noted that "[a]s the case moves beyond the pleading stage, into discovery, and closer to trial, plaintiffs in deliberate indifference cases "face an increasingly complex set of demands" in that they have to identify and present the right type of evidence to demonstrate defendants' state of mind. *McCaa v. Hamilton*, 893 F.3d 1027, 1032 (7th Cir. 2018) (citation and quotation marks omitted).

Accordingly, the Court finds it necessary to recruit an attorney to represent Plaintiff in this matter.  Plaintiff's Renewed Motion for Recruitment of Counsel (Doc. 55) is **GRANTED**.  **IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), **Lauren Abbott Daming of the law firm of UB Greensfelder LLP**, is **ASSIGNED** to represent Plaintiff Caston Rollins in this civil rights case.  On or before **April 11, 2025**, assigned counsel shall enter her appearance in this case.  Attorney Daming is free to share responsibilities with an attorney in her firm who is also admitted to practice in this district court.  Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.  Plaintiff should wait for his attorney to contact him to allow

counsel an opportunity to review the court file.  The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Daming.  The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.[2]  Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived.  *See* SDIL-LR 83.13.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Counsel may be reimbursed for PACER fees for this case.  The Court has no authority to pay attorney's fees in this case.  However, if, after the assignment, counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention.  *See* SDIL-LR 83.14(a).

---

[2] https://www.ilsd.uscourts.gov/Forms/AdminOfDistrictCourtFund.pdf.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

As of this date, Plaintiff's contact information is:

Caston Rollins
B05847
CENTRALIA CORRECTIONAL CENTER
9330 Shattuc Road
Centralia, IL 62801

**Plaintiff's Motion to Reset Discovery Deadline (Doc. 57) and Defendants' Motion for Summary Judgment (Doc. 43).**

In light of the recruitment of counsel, Plaintiff's Motion to Reset Discovery Deadline is denied without prejudice. LR-SDIL 83.9(c) ("Upon assignment of counsel, all pending motions filed by the party *pro se* shall be denied without prejudice so that assigned counsel can evaluate how to proceed, unless otherwise ordered by the Court."). However, the Court also finds it appropriate to vacate the current trial setting as well as the discovery and dispositive motions deadlines. The Court will reset those deadlines and hearings once Attorney Daming enters her appearance.

The Court also notes that Defendants filed a Motion for Summary Judgment (Doc. 43) on January 13, 2025. Defendants' main argument is that Plaintiff failed to retain an expert by the discovery cut-off, and thus cannot prove his deliberate indifference claims. (*Id.* at 3). Thereafter,

however, and due to Defendants' failure to respond to Plaintiff's discovery requests, the Court extended the discovery and dispositive motions deadlines to March 31, 2025, and April 30, 2025, respectively. (Doc. 49). Because discovery is still ongoing and the Court has now recruited counsel to represent Plaintiff and possibly assist him in retention of an expert, Defendants' Motion for Summary Judgment should be denied without prejudice as premature.

## Conclusion

For the reasons set forth above, Plaintiff's Renewed Motion for Recruitment of Counsel (Doc. 55) is **GRANTED**. Plaintiff's Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs (Doc. 56) is **DENIED as moot**. Plaintiff's Motion to Reset Discovery Deadline (Doc. 57) and Defendants' Motion for Summary Judgment (Doc. 43) are **DENIED without prejudice as premature**. Attorney Daming to enter her appearance by **April 11, 2025.** The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Daming. The trial and pre-trial conference dates, as well as the discovery and dispositive motion deadlines, are **VACATED** and will be reset once Attorney Daming enters her appearance.

**IT IS SO ORDERED.**

**DATED: March 28, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**